UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KIM M. TYPHAIR,

                              Plaintiff,

      v.                                                                7:04-cv-1339

TOWN OF GOUVERNEUR, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that Defendants deprived her of property without due process of law. Presently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. The Court has accepted Plaintiff's untimely opposition papers.

**I.    FACTS**

The following facts are taken from Defendant's Statement of Material Facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3) and from Plaintiff's Responsive Statement of Material Facts.

On January 10, 2003, Defendant Town of Gouverneur (the "Town") entered into a loan agreement with Plaintiff Kim Typhair d/b/a Gouverneur Taxi. Under the loan agreement, the Town loaned Plaintiff $45,000 in various installments throughout 2003. Plaintiff also signed a note and security agreement. Under the security agreement, two vehicles were purchased for use in the taxi business. The vehicles were designated as collateral under the

loan. The Town took a security interest in the vehicles in the event of a default on the payments of the loan.

Plaintiff commenced operating her taxi business in January 2003. Through October 2003, Plaintiff made interest only loan payments. Plaintiff did not pay any additional loan payments. In June 2004, after eight months of not receiving any payments from Plaintiff, the Town Board voted to foreclose on the loan and repossessed the vehicles. The vehicles were repossessed on June 17, and 21, 2004 by Town officials and a member of the Village of Gouverneur Police Department.

Following the repossession of the vehicles, Plaintiff was provided with a timely notice of public sale. Following the public sale of the vehicles, the Town applied the funds received from the sale to the outstanding balance of the loan. The Town then brought a civil action against Plaintiff for the entire amount owed, plus costs. Judgment was entered against Plaintiff in the amount of $46,432.02.

Plaintiff commenced the instant action claiming that Defendants took her property (the vehicles) without affording her adequate process of law. Specifically, she claims Defendants took her vehicles without affording her prior notice and a prior opportunity to be heard. Currently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety.

## II.   STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment. It is well-settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where

"there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. V. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). With this standard in mind, the Court will address Defendants' motion.

## III.     DISCUSSION

Defendant moves to dismiss on the ground that Plaintiff received all process that was due. As a general rule, the Constitution requires notice and a prior hearing before a state can assist a secured creditor in the repossession of a debtor's property. See Barrett v. Harwood, 189 F.3d 297, 301 (2d Cir. 1999). Here, however, to the extent that Plaintiff may have been entitled to notice and a prior hearing, she waived any such right through the execution of the Security Agreement.

The Security Agreement expressly provided that "[i]f I don't repay any amounts I may owe you . . . you can take this property and sell or use it as described below." Plaintiff further agreed that

> [i]f I am in default you can take possession of the collateral. I will deliver the collateral to you at a time and place you choose. If I don't, or if you wish, you can take possession of the collateral *without giving me advance notice*. . . . After you have taken possession of the collateral, you can sell it and apply the proceeds to the unpaid balance of our loan. You will give me ten days notice of any public sale. . . . If the sale proceeds are not enough to pay you the unpaid balance of my loan and any interest I owe you . . . I still will have to pay the difference.

(emphasis added). Through the Security Agreement, Plaintiff waived any right she may have had to a pre-deprivation notice and/or a pre-deprivation opportunity to be heard.

Although any contractual waiver of constitutional rights must be carefully scrutinized, see Fuentes v. Shevin, 407 U.S. 67, 92 S. Ct. 1983 (1972), the Court finds that, for the following reasons and contrary to the factual situation in Fuentes, the contract at issue here constitutes a valid waiver of Plaintiff's right to prior notice and a prior opportunity to be heard:

First, the parties to the contract were Plaintiff and the Town. There is no indication of significantly different bargaining power among the parties. Nevertheless, considering the Town was represented by counsel and Plaintiff was not, the Court finds that this factor weighs against finding a waiver of constitutional rights.

Second, while the provisions of the contract at issue here were part of a pre-printed form, the Security Agreement was a separate document that Plaintiff was required to sign as part of the loan agreement. Plaintiff signed three documents: a loan agreement, a note, and the Security Agreement. Although the Security Agreement was a standard form, it was

altered to include the specifics applicable to Plaintiff; that is, it included her name and the specific property subject to the Security Agreement (including the subject vehicles). The fact that the form was distinct from the other loan documents suggests that it was not the type of "fine print" discussed in Fuentes, but, rather, that it was a significant document with important legal consequences of which Plaintiff reasonably should have been aware.

Third, the language in the Security Agreement is clear and explicit and was not "fine print." Again, the Security Agreement was a separate document signed by Plaintiff. In significant distinction from the situation in Fuentes, the Security Agreement contained a bold-faced heading reading "**Taking Possession of the Collateral.**" Under that heading, the Security Agreement explained that "[i]f I am in default you can take possession of the collateral. . . *[I]f you wish, you can take possession of the collateral without giving me advance notice*." (emphasis added). That section then proceeded to explain that any seized collateral would be subject to a public sale, of which Plaintiff would be provided advance notice. This factor strongly weighs in favor of finding a waiver of the right to notice and an opportunity to be heard.

Fourth, the Security Agreement notes in multiple places that Plaintiff is using the property to secure the loan and that the property may be taken if the loan is not paid. For example, the Security Agreement notes in the beginning that "[i]f I don't repay any amounts I may owe....you can take this property and sell or use it. . . ." Shortly thereafter, the agreement explains in a specific section of the Agreement, distinct from the rest of the form, that the collateral is "property that may be taken . . . if you do not meet the terms of this agreement." Then, there is an entire section on "**Taking Possession of the Collateral**"

(emphasis in original) which explains that the lender can take the collateral without providing advance notice. This factor also weighs strongly in favor of finding a waiver.

Fifth, at deposition, Plaintiff admitted that, before signing the Security Agreement, she read the section of the Security Agreement providing that if she did not repay any amounts owed, the lender could take the property and sell or use it, Pl.'s Dep. at 58; and she knew that the vehicles were part of the collateral under the Security Agreement, id. at 60. Thus, unlike in Fuentes, there is evidence that Plaintiff was "actually aware or made aware of the significance of the [contract] . . . relied upon as a waiver of constitutional rights." See Fuentes, 407 U.S. at 95. This also weighs strongly in favor of finding a waiver.

Sixth, after discussions with Plaintiff regarding working out a payment plan, and prior to repossessing the vehicles, Defendants sent Plaintiff a letter stating that "[f]ailure to follow this agreement will place you in default and all collateral will be subject to forfeiture to the Town of Gouverneur. These agreements will not void any legal remedies allowed for in the original loan documentation. We will take the necessary steps to recover the amount due, including, but not limited to, *immediate repossession of collateral*. . . ." (emphasis added). This also weighs in favor of finding that Plaintiff was aware that Defendants would retake the vehicles in the event of default and, therefore, that she waived her right to prior notice and a prior opportunity to be heard.

The waiver of any constitutional right must be clear, knowing, and intelligent. Here, the Security Agreement did not specifically reference constitutional rights, but it made clear that Defendants retained the right to repossess the property without advance notice. Thus, while a particular constitutional right was not nominally described, the substance of that right

was.  Accordingly, the waiver was clear.  Defendants have established a basis for summary judgment.  See Matsushita, 475 U.S. at 587.

In Plaintiff's opposition papers, she fails to state facts demonstrating that she was unaware of the notice provision in the Security Agreement or that she did not understand it. See Plaintiff's Statement of Material Facts; Plaintiff's Affidavit.  Plaintiff does not claim that she was confused in any manner concerning this aspect of the Security Agreement.  Instead, Plaintiff admitted at deposition that she knew that she was signing a Security Agreement pertaining to the vehicles that permitted Defendants to re-take the cars in connection with the loan she was receiving.  Accordingly, a fair-minded trier of fact could only reasonably conclude that the waiver was done knowingly and intelligently.  Plaintiff has not demonstrated the existence of any triable issued of fact.  See Matsushita, 475 U.S. at 587.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff waived her due process rights and, therefore, her claims must be DISMISSED.  Defendants' motion for summary judgment is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: August 8, 2007

_____
Thomas J. McAvoy
Senior, U.S. District Judge